UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| NORFLEET POWERS, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | CAUSE NO. 2:04-CV-0507 PS |
| CECIL DAVIS, | ) ) ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Petitioner Norfleet Powers, a prisoner confined at the Correctional Industrial Facility, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. The petitioner is serving a forty-five year sentence for his 1992 St. Joseph County conviction for attempted murder. The respondent asserts that the petition is untimely and that the petitioner has procedurally defaulted the issues he seeks to raise. In the alternative, the respondent addresses the merits. The petitioner filed a traverse. Because Powers' petition is untimely pursuant to 28 U.S.C. §2244(d)(1), the court must deny this petition.

Powers was convicted on October 14, 1992. He appealed, and on February 28, 1994, the Indiana Court of Appeals affirmed his conviction and sentence. The Supreme Court of Indiana denied Powers' petition to transfer on May 16, 1994. On June 29, 1995, Powers filed his first petition for post-conviction relief. The Indiana Court of Appeals affirmed the denial of his petition on June 19, 2003, and the Supreme Court denied his petition to transfer on August 14, 2003.

On November 19, 2003, Powers filed a petition for writ of *habeas corpus* in this court under cause number 3:03-CV-844AS. On September 9, 2004, before the court ruled on his

petition, Powers moved to voluntarily dismiss the petition without prejudice, asking the court to "grant the instant request and issue an order allowing petitioner's petition for writ of habeas corpus to be withdrawn without prejudice until such time as petitioner has completed his successive post-conviction matters." On September 13, 2004, the court granted Powers' motion and dismissed his first petition for writ of *habeas corpus* without prejudice.

Pursuant to 28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"), a petition for writ of *habeas corpus* seeking federal collateral relief from a state conviction must be filed within one year of the date on which (1) the judgment became final by the conclusion of direct review; (2) a state created unconstitutional impediment to appeal was removed; (3) the constitutional right asserted was recognized by the United States Supreme Court and made retroactively applicable to the states; or (4) the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that a properly filed state application for post-conviction relief or other collateral review tolls the statute of limitations. The statute of limitations is tolled for that period during "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Artuz v. Bennett*, 531 U.S. 4, 5 (2000).

A conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for *writ of certiorari* denied. *Griffith v. Kentucky*, 479 U.S. 413, 321 n. 3 (1987). Powers' judgment of conviction became

final on May 16, 1994, before the provisions of the AEDPA went into effect. Any prisoner whose conviction became final prior to the AEDPA's enactment on April 24, 1996, received a one year grace period within which to file a petition for writ of *habeas corpus*. *Newell v. Hanks*, 283 F.3d 827, 832 (7th Cir. 2002).

Powers filed his petition for post-conviction relief on June 29, 1995, and it was still pending on April 23, 1996, when the AEDPA went into effect. Accordingly, the statute of limitations was stayed pursuant to § 2244(d)(2). The state post-conviction proceedings became final on August 14, 2003, when the Supreme Court of Indiana denied transfer. Accordingly, the statute of limitations on Powers' conviction began to run on August 14, 2003, and ended on August 15, 2004, unless tolled.

The petitioner certifies that he deposited copies of his petition in the United States Mail on December 3, 2004. The clerk of this court received the petition on December 8, 2004. Pursuant to the mail-box rule established in *Houston v. Lack*, 487 U.S. 266 (1988), the court will assume for the purposes of this memorandum that Powers filed his petition for writ of *habeas corpus* on December 3, 2004, the date he submitted the petition for writ of *habeas corpus* to prison officials for mailing.

Powers signed his current petition for writ of *habeas corpus* on December 3, 2004, more than three months late. Accordingly, his petition for writ of *habeas corpus* is untimely and his claims are time-barred unless some event tolled the statute of limitations. Powers asserts in his traverse that he filed a successive petition for post-conviction relief that tolled the statute of limitations until November 8, 2004, when the court of appeals denied him leave to file his second post-conviction relief petition. But the Seventh Circuit has held that

3

an unauthorized successive petition is not considered "properly filed" under Indiana law, and therefore it does not toll the one-year statute of limitations under § 2244(d)(2). *See Powell v. Davis* 415 F.3d 722 (7th Cir. 2005).

Powers also asserts in his traverse that his first petition for writ of *habeas corpus*, tolled the statute of limitations between November 19, 2003 and September 13, 2004. But in *Duncan v. Walker*, 533 U.S. 167, 181 (2001), the Supreme Court said, "[w]e are convinced that § 2244(d)(2) does not toll the limitation period during the pendency of a federal habeas petition." Accordingly, Powers' first federal petition for writ of *habeas corpus* did not toll the statute of limitations.

Powers voluntarily dismissed his first *habeas corpus* petition so that he could pursue a successive appeal in state court. But in *Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004), the Seventh Circuit held "[n]or is a court's failure to warn a party that he is about to be cut off by the statute of limitations a basis for equitable tolling."

Powers asked to voluntarily dismiss his first petition without prejudice, and the district court was not required to warn him that the voluntary dismissal might mean his statute of limitations would run before he could file another petition. Powers filed his petition for writ of *habeas corpus* after the statute of limitations expired, and the statute of limitations was not equitably tolled. Accordingly, Powers's second federal petition for writ of *habeas corpus* is untimely pursuant to § 2244(d)(1), and his claims are time-barred.

For the foregoing reasons, the court the court DENIES this petition pursuant to 28 U.S.C. § 2244(d)(1).

SO ORDERED.

DATED: October 18, 2006

                                          S/ Philip P. Simon
                                          PHILIP P. SIMON, JUDGE
                                          UNITED STATES DISTRICT COURT