UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| **NORFLEET POWERS,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **CAUSE NO. 2:04-CV-0507 PS** |
| | ) | |
| **SUPERINTENDENT, MIAMI** | ) | |
| **CORRECTIONAL FACILITY,** | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Petitioner Norfleet Powers filed a notice of appeal, a request for a Certificate of Appealability, and a petition to proceed *in forma pauperis* on appeal in this case.

To obtain a Certificate of Appealability, a petitioner must make "a 'substantial showing of the denial of a federal right.'" *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983) (quoting *Stewart v. Beto*, 454 F.2d 268, 270 n.2 (5th Cir. 1971), *cert. denied*, 406 U.S. 925 (1972)); *see also Stuart v. Gagnon*, 837 F.2d 289 (7th Cir. 1987). The court's discretion on whether to grant or deny a Certificate of Appealability is the best vehicle for separating meritorious from frivolous appeals. *Barefoot v. Estelle*, 463 U.S. at 893. A petitioner is not required to show that he would prevail on the merits, but he must show that the issues presented in his habeas petition are "debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" *Id*. at 893 n.4 (quoting *Gordon v. Willis*, 516 F. Supp. 911, 913 (N.D.Ga. 1980)); *see also United States ex rel. Calhoun v. Pate*, 341 F.2d 885 (7th Cir.), *cert. denied*, 382 U.S. 945 (1965).

This Court denied Mr. Powers's petition because it concluded that the petition was not timely filed pursuant to 28 U.S.C. § 2244(d)(1). None of the issues presented to the Court present a question that is debatable among jurists of reason. *See Kraushaar v. Flanigan,* 45 F.3d. 1040 (7th Cir. 1995). Where the court denies a certificate of appealability because petition was without merit, then it should deny *in forma pauperis* status on appeal because the appeal is not taken in good faith. *See Walker v. O'Brien*, 216 F.3d 626,632 (7th Cir. 2000).

For the foregoing reasons, the court **DENIES** the petitioner's request for a Certificate of Appealability (docket #23) pursuant to Rule 22(b), Federal Rules of Appellate Procedure. The court also **DENIES** the petitioner's motion for leave to proceed *in forma pauperis* on appeal (docket #21) because the appeal is not taken in good faith. The court advises the petitioner that pursuant to Fed. R. App. P. 22(b), where the district judge denies a certificate of appealability, the applicant for the writ may then request issuance of the certificate by a circuit judge.

**SO ORDERED**.

DATED: November 16, 2006

/s Philip P. Simon
Philip P. Simon, Judge
United States District Court